ROBERT L. BLAND, Judge.
In this proceeding Flem L. Mullins, sixty-two years of age and a resident of Logan county, West Virginia, seeks an award of *29 $6,209.44. He represents to the court that he has been in the employment of the state road commission of West Virginia for twelve years. Prior to January 10, 1946, he was employed as a laborer, working on the state highway system in Logan county. He maintains that said employment was on the basis of an eight-hour day and an hourly rate of pay. He further maintains that on January 10,1946, he was transferred by the county road supervisor from his job as a laborer on the state highway system to the position of night watchman at the road commission garage located at Stollings, Logan county, and that the rate of pay was on an hourly basis and at the same hourly rate as that of laborer working out on the state highway system, and that the hourly rate of pay at that time and at the time he entered upon his duties as night watchman were the same. He says that he entered upon his duties as night watchman the 10th day of January, 1946, and worked sixteen hours a day in that capacity on through December 31, 1948, but only received remuneration for eight hours a day, and that said contract of employment was on the basis of fifty-eight cents per hour from January 10, 1946 through the 31st day of March, 1946; and sixty-five cents per hour from the 1st day of April, 1946, through the 30th day of April, 1947; and seventy-five cents per hour from the 1st day of May, 1947, through the 15th day of April, 1948, and eighty-two cents per hour from the 16th day of April, 1948 through the 31st day of December, 1948.
Claimant further maintains that in July of 1949, no action having been taken by the county road supervisor, he employed an auditor to audit the number of hours he had worked and the different hourly rates of pay that were in effect during the period from January 10, 1946 through December 31, 1948; that said audit of time and the amount due and payable to him under said audit was presented to the state road commission, but payment was refused; that said audit shows that he worked a total of 17,296 hours but that he only received remuneration for 8,648 hours, and that by computing, the number of hours for which he did not receive remuneration by the different hourly rates of pay that were in effect during this period, there is due and payable to him the sum of $6,209.44.
*30 Upon the investigation' and hearing of the claim the claimant testified at some length on his own behalf. We were not favorably impressed by the method employed by him in keeping his time. According to his statement, for the period that he discharged the duties of night watchman — being approximately three years — he kept his time on calendars, using three of such calendars. He would mark each day that he worked on these calendars. He did not produce the calendars before the court or satisfactorily account for their absence. He did, however, file what purported to be a copy of the calendar showings as an exhibit with his testimony. As before stated, prior to the filing of his claim he had employed an auditor to audit his time but the auditor in question did not testify upon the hearing. It developed that in the course of his examination that although by his petition he claimed to work sixteen hours a day from the time of his employment as night watchman until a period when the duties discharged by him were divided into two shifts and the employes worked every other day, that there was confusion in his testimony, and that on certain occasions he had not worked on Saturdays, thus making it manifest to the court that his testimony was inconsistent with the allegations of his petition. From the testimony of other witnesses introduced on claimant’s behalf it is made quite clear that he had in fact worked many hours in excess of eight hours a calendar day. His contention of overtime work was well established by numerous witnesses, including a former county supervisor.
At the conclusion of claimant’s testimony, W. Bryan Spillers, an assistant attorney general, who represented the interests of the state at the hearing, moved the court to dismiss the claim for reasons assigned at the time, but the court, being of opinion that the claimant having invoked relief through the state court of claims, as he had a lawful right to do, was entitled to be given full opportunity to present his claim, therefore the said motion was overruled.
The further testimony introduced in support of the claim in question gave the court additional enlightenment and assistance, and claimant’s counsel offered to stipulate with the assistant attorney general that no claim would be made for overtime remunera *31 tion for those days on which the claimant was at any time absent from duty. It was apparent to the court, however, although the question was not presented for its consideration, that claimant was, during the approximate period of three years in which he discharged the duties of night watchman, entitled to annual leave with pay. The stipulation was not agreed to, and after the claimant rested his case the state introduced its several witnesses who respectively testified according to their personal knowledge of claimant’s overtime work. We deem it unnecessary in this statement to detail in any length the testimony of these witnesses. Suffice it to say that there was unanimity of statement by both the claimant’s witnesses and the state’s witnesses with respect to the overtime work performed by claimant. On the whole claimant’s contention that he was required and allowed to work many hours in excess of eight hours per calendar day was supported by the witnesses offered in opposition to the allowance of the claim. In the judgment of majority members of the court the plaintiff’s claim that he did work over a period of approximately three years far in excess of eight hours per calendar day was satisfactorily established. It would be difficult to determine the actual time of the over work, but in view of the determination hereinafter made by majority members that fact is unimportant.
Majority members of the court are not unmindful of chapter 21, article 4, section 2349 (2) of the official code of. West Virginia, used as point 1 of the syllabi in this statement, which is a general law and certainly means what it says. It should be our guide in disposing .of the claim, “Let the chips fall where they may.” As we perceive our duty under the law of the state and the evidence deduced before .the court upon its investigation of the claim, we can do nothing less than make an award in favor of claimant. Majority members feel that under all the circumstances an award of $3000.00 would be reasonable in the premises. It is possible that a greater award could have been made if claimant had been able to show more satisfactorily than he did the exact number of days he was employed.
Accordingly, majority members of the court make an award in *32 favor of claimant Flem L. Mullins in the sum of three thousand dollars ($3000.00).